UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY A. GUERRA,            )
                              )
          Plaintiff,          )
                              )
     vs.                      )    No. 4:05-CV-2322 (CEJ)
                              )
PUBLIC SAFETY CONCEPTS, et al., )
                              )
          Defendants.         )

**MEMORANDUM AND ORDER**

On February 27, 2006, plaintiff Timothy Guerra filed a document entitled "Declaration and Request for T.R.O. and Injunction," which has been docketed as a motion for a temporary restraining order. The document ends in the middle of a paragraph without specifying the relief plaintiff seeks and is thus incomplete.

On March 1, 2006, plaintiff filed a document entitled "Declaration in Support of Appointment of Counsel and Injunction." In this declaration, plaintiff states that he suffers from a severe spinal cord injury that inhibits his ability to walk and causes incontinence. He previously received a medical excuse from the requirement that all inmates work. Plaintiff asserts that, while he was incarcerated at the Farmington Correctional Center, he was informed by a caseworker named Hovis that he would be required to work full-time as a cleaner, and that a Dr. Cox refused to give plaintiff a medical excuse from the work order. Plaintiff asserts that the work order was imposed in order to interfere with his access to the law library and to the courts. Plaintiff asks the Court "to issue an order that defendants not require him to do any work he is physically unable to perform, to allow him access to the law library whenever it is open, morning or afternoon, unimpeded, and that they cease any

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

actions which may be interpreted as retaliatory for engaging in a constitutionally protected act or behavior." The Court will treat this as a statement of the relief plaintiff intended to seek in his truncated motion for a temporary restraining order and injunction.

Plaintiff's claims for equitable relief are now moot because he resides at the Northeast Correctional Center. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claim for injunctive relief to improve prison conditions moot when prisoner moved to another location). Plaintiff's complaint does not name as a defendant any individual with control over library access or medical care at his present place of confinement. If plaintiff were to prevail on his claims, therefore, there would be no party against whom the remedy could be enforced.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for temporary restraining order and injunction [#14] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#7] is **denied without prejudice**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com