UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. GUERRA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:05-CV-2322 (CEJ) ) |
| PUBLIC SAFETY CONCEPTS, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Correctional Medical Services (CMS) to dismiss plaintiff's complaint. Plaintiff opposes the motion.

At the time he filed this action, plaintiff Timothy Guerra was incarcerated at the Farmington Correctional Center (FCC). The claims in his 190-page complaint arise from his allegedly forced participation in, and subsequent termination from, the Missouri Sexual Offenders Program (MOSOP). In his complaint, plaintiff alleges, *inter alia*, that he was forced out of protective custody to attend MOSOP, where he was subjected to harassment, sexual assault, and ridicule, and that Missouri Department of Corrections staff failed to protect him. He also alleges that other inmate participants in the program exercise considerable authority over treatment decisions, including whether to terminate specific individuals. Plaintiff contends that termination decisions are based on arbitrary and capricious principles and in order to retaliate for engaging in protected activity. Plaintiff further alleges that eligibility for parole is effected by a sex offender's success in the program. Plaintiff alleges that these and other

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

actions violated his First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment rights.

Defendant's motion does not identify a particular rule under which the desired relief is sought, nor does it articulate the standard under which relief may be granted . However, because the motion asserts that the plaintiff's allegations are insufficient, the Court will treat the motion as one based on Rule 12(b)(6), Fed. R. Civ. P.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Claims against CMS are evaluated under the standards for determining the liability of municipalities. Leach v. Norris, 34

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Fed. Appx. 510, 511, 2002 WL 987552 (8th Cir. May 15, 2002). A municipality cannot be found liable for the actions of its employees under a theory of *respondeat superior*. Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality may be liable for the unconstitutional acts of its employees when those acts implement or execute an unconstitutional policy or custom. Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). To establish municipal liability, a plaintiff must prove that a municipal policy or custom was the moving force behind the constitutional violation. Id. A "policy" is "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Id. at 1204.

Defendant CMS contends that plaintiff's claims against it are founded upon the allegation that he did not receive adequate treatment for his medical problems. Plaintiff responds that his complaint actually alleges that CMS is responsible for the policies by which MOSOP operates. Examination of paragraph III. C of the complaint identifies CMS as "a final policy maker and enforcer, . . . contracted to provide medical and mental health services to Missouri Department of Corrections and to provide sex offender treatment to Missouri sex offenders." Defendant has not filed a reply in support of its motion and thus has not addressed plaintiff's argument that his claims against it arise from its role as a policy maker. Thus, defendant has failed to establish that

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the allegations of the complaint, if taken as true, do not support plaintiff's claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant CMS to dismiss [#37] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com