```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

TIMOTHY A. GUERRA,               )
                                 )
            Plaintiff,            )
                                 )
       vs.                       )     No. 4:05-CV-2322 (CEJ)
                                 )
PUBLIC SAFETY CONCEPTS, et al.,  )
                                 )
            Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Department of Corrections defendants to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for judgment on the pleadings pursuant to Rule 12(c). Plaintiff has filed a response to the motion, in which he addresses only the issue of exhaustion of administrative remedies.

Plaintiff Timothy Guerra is an inmate incarcerated at the Northeast Correctional Center. He filed this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1997, as well as Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 *et seq.*[1] The following defendants move for dismissal: Jeremiah J. Nixon (Attorney General of Missouri), Larry Crawford (Missouri Department of Corrections Director), Clyde M. Frazier (Sergeant, Farmington Correctional Center (FCC)), Sara Huber (Parole Officer II, Division of Probation and Parole), Wanda Kreitler, (FCC Librarian), Allen D.

---

[1] The Court found that plaintiff's claims for violation of 42 U.S.C. §§ 1997e(a), 1985(3) and 1981, the ADA, a liberty interest in parole, and state-law product liability were legally frivolous and/or failed to state a claim for relief.

Luebbers (Superintendent, FCC), Carlos C. Sampson (Caseworker, Missouri Sexual Offender Program (MOSOP)), Patricia Smith (Associate Superintendent, FCC), Norman D. Stegall (Caseworker), Dana D. Thompson (Chairperson, Division of Probation and Parole), and James LaBundy (Treatment team member, MOSOP).[2] Defendant William Holcomb (Chief Executive Officer of Behavioral Health Concepts, Inc.) has filed a separate motion to dismiss.

The claims in plaintiff's 190-page complaint arise from his allegedly forced participation in, and subsequent termination from, the Missouri Sexual Offenders Program (MOSOP). In his complaint, plaintiff alleges that he was forced out of protective custody to attend MOSOP, where he was subjected to harassment, sexual assault, and ridicule, and that Missouri Department of Corrections staff failed to protect him. He further alleges that defendants are attempting to force him to attend MOSOP a second time and that he is experiencing "flashbacks, nightmares, and severe emotional and physical distress due to his past experiences with being assaulted in the program." He complains that, in MOSOP, "defendants force plaintiff's abandonment of any religious belief;" that "[o]ffenders are forbidden access to the courts under penalty of denial of parole;" and that offenders, acting as "quasi-therapists" "commonly practice medicine" and "prescribe and diagnose treatment for other inmates." He claims that he was required to work at MOSOP in excess of a medical work restriction, thereby causing him injury,

---

[2]Defense counsel entered an appearance on behalf of Mr. LaBundy after the other defendants filed the motion to dismiss. Mr. LaBundy separately joins their motion.

and that he was denied adequate medical care. He also alleges that other inmate participants in the program exercise considerable authority over treatment decisions, including whether to terminate specific individuals. Plaintiff contends that termination decisions are based on arbitrary and capricious principles and in order to retaliate for engaging in protected activity. Plaintiff further alleges that eligibility for parole is affected by a sex offender's success in the program.

## I. Legal Standard

In ruling on a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party. Faibisch v. University of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002). Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. United States v. Any and all Radio Station Transmission Equipment, 207 F.3d 458, 462 (8th Cir. 2000). The same standard governs motions brought pursuant to Rule 12(b)(6). Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court gives this *pro se* complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).

## II. Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). Although the complaint consists of 623 numbered paragraphs, comparatively few of those paragraphs contain specific factual allegations. Indeed, plaintiff makes a single allegation with respect to several defendants: that they are "final policy makers and enforcers . . . owing plaintiff a duty to protect and treat." This claim, unsupported by an allegation of personal involvement in the alleged constitutional violations, is insufficient to state a claim for relief. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001); Ellis v. Norris, 179 F.3d 1078 (8th Cir. 1999); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (§ 1983 plaintiff must allege that defendant was personally involved in or had direct responsibility for incidents that resulted in injury). Plaintiff does not allege that these individuals knew or should have known of the alleged constitutional violations and thus he has not stated a basis for supervisory liability against any of these defendants. See Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989) (supervisors are subject to § 1983 liability when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices). Plaintiff's claims against defendants Crawford, Thompson, Sampson, Smith, Huber, LaBundy, and Holcomb will be dismissed for failure to allege that these defendants were personally involved in the alleged constitutional violations. Defendants Thompson, (Chair of the Missouri Division of Probation

and Parole) and Huber (Parole Officer), additionally are entitled to absolute immunity from suit for actions taken regarding parole matters. Figg v. Russell, 433 F.3d 593, 598, 599-600 (8th Cir. 2006).

Plaintiff makes a single allegation with respect to defendant Nixon: "Defendant Attorney General Nixon's responsibility is to protect plaintiffs from application of an unconstitutional State Statute, and actual harm and injury as the result of the actions and omission of the state actors named as defendants herein and to enforce the State and Federal Constitution and laws of the State of Missouri." To the extent that plaintiff proceeds against defendant Nixon for acts (or omissions) performed in his prosecutorial role, defendant Nixon has absolute immunity from suit on such claims. Reasonover v. Saint Louis County, Mo., 447 F.3d 569, 580 (8th Cir. 2006). Elsewhere in the complaint, plaintiff challenges the constitutionality of the MOSOP "as applied" by the defendants. While framed as a constitutional challenge to the program itself, it is clear from plaintiff's factual allegations that he is actually challenging the way in which specific individuals administer the MOSOP. Defendant Nixon cannot be held liable under § 1983 for the constitutional violations of others under a *respondeat superior* theory. Ambrose v. Young, --- F.3d ---, 2007 WL 148859 (8th Cir. Jan. 23, 2007). To the extent that plaintiff intends to challenge the constitutionality of MOSOP itself, his claims fail. See Boone v. State, 147 S.W.3d 801, 805-06 (Mo. Ct. App. 2004) (MOSOP does not violate the Establishment Clause or Free

Exercise Clause); Gale v. Moore, 763 F.2d 341, 343-44 (8th Cir. 1985) (no equal protection violation arises from legislative classifications regarding parole eligibility); Rehkop v. Moore, 2006 WL 903242 (E.D. Mo. Apr. 7, 2006) (denying claim that MOSOP constitutes cruel and unusual punishment); Patterson v. Webster, 760 F. Supp. 150, 153 (E.D. Mo. 1991) (denying challenges to constitutionality of MOSOP based on equal protection, and failure to adequately staff program). Plaintiff's claim against defendant Nixon will be dismissed.

Plaintiff alleges that defendant Frazier required him to obtain written permission before going to the library because plaintiff was on full-time medical lay-in. He also alleges that, having received a library pass, he once went to the office of Manager Wallace to complain about his restricted access to the library. Frazier allegedly "screamed at" plaintiff for misusing the pass by going somewhere other than the library. According to plaintiff, Frazier then revoked the library pass and threatened him with lock-up. To the extent that plaintiff intends to assert a claim that Frazier denied him access to legal materials or the courts, the claim fails because he does not allege that he suffered actual injury or prejudice as a result of the denied access. Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006). Indeed, he asserts that Manager Wallace intervened and rescinded Frazier's order to return to the unit rather than proceed to the library. Plaintiff's claims against defendant Frazier will be dismissed.

Plaintiff alleges that defendant Kreitler told him that he could not perform legal research for himself or others in his capacity as law clerk. When he persisted in doing so, she fired him and gave him a conduct violation. Plaintiff has no right to employment as a law clerk and termination for violation of job expectations cannot give rise to a constitutional claim. Plaintiff's claims against defendant Kreitler will be dismissed.

Plaintiff makes two allegations regarding defendant Luebbers: In paragraph 254, he alleges that he informed defendant Luebbers that he had been assaulted in the MOSOP. In response, plaintiff "was told in a letter from Luebbers and his assistant superintendent" that the grievance process was the proper forum for addressing his concerns.[3] In paragraph 255, plaintiff alleges that at some unspecified time Luebbers told him that the grievance process was not the proper venue for "such complaints." Plaintiff does not allege that Luebbers was deliberately indifferent to his complaints; he acknowledges that an investigation was completed. Even with the benefit of a liberal construction, the Court finds no basis for a constitutional violation in these allegations and the claims against defendant Luebbers will be dismissed.

Plaintiff makes a single allegation against defendant Stegall. In paragraph 295.1, he alleges that "in regard to defendants' . .

---

[3]The exhibits that plaintiff submitted with his complaint include a memorandum dated May 6, 2005, from Assistant Superintendent M.D. Gann. Gann stated that plaintiff's allegations were under investigation in connection with two Informal Resolution Requests plaintiff filed. Defendant Luebbers's name appears nowhere on the memorandum, nor is he listed as the recipient of a copy.

. conspiracy to retaliate [against plaintiff for his litigation activities] and interfere with plaintiff's access to the courts," defendant Stegall refused to process a check for a filing fee for the Eighth Circuit Court of Appeals, despite being informed that the filing deadline was imminent. Plaintiff further alleges that he was forced to borrow money from his family. He does not state that he was unable to timely file his appeal and thus cannot state a claim for denial of access to the courts.

The Court reaches a different conclusion with respect to plaintiff's retaliation claim against Stegall. "Conduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." Cody v. Weber, 256 F.3d 764, 771 (8th Cir. 2001), citing Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990). The retaliatory conduct does not itself need to be a constitutional violation to be actionable. Id. "The violation lies in the *intent* to impede access to the courts." Id., (citation omitted, emphasis in original). The determination of whether Stegall's action was motivated by retaliation or, rather, by a legitimate penological interest is more properly addressed at the summary judgment stage.

In conclusion, the Court finds that plaintiff has failed to state a claim for relief against defendants Nixon, Crawford, Frazier, Huber, Kreitler, Luebbers, Sampson, Smith, Thompson, and LaBundy and his complaint will be dismissed with respect to these defendants. With respect to defendant Stegall, the Court finds

that plaintiff may proceed on his claim that he was denied a filing-fee check in retaliation for his litigation activities.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss for failure to state a claim for relief, filed by defendants Nixon, Crawford, Frazier, Huber, Kreitler, Luebbers, Sampson, Smith, Stegall and Thompson [#41], is **denied** only as to the retaliation claim asserted against defendant Stegall and is **granted** as to all other claims.

**IT IS FURTHER ORDERED** that the motion of defendant LaBundy to dismiss for failure to state a claim [#55] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Holcomb to dismiss for failure to state a claim [#68] is **granted**.

A separate order of dismissal will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2007.