UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. GUERRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05-CV-2322 (CEJ) |
| | ) |
| PUBLIC SAFETY CONCEPTS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for class certification pursuant to Fed.R.Civ.P. 23. Plaintiff also asks the Court to compel production of all grievances filed by all potential class members. The served defendants have opposed the motion and the issues are fully briefed.

Plaintiff Timothy Guerra is an inmate incarcerated at the Northeast Correctional Center. He filed this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1997, as well as Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 *et seq.*[1]

The claims in plaintiff's 190-page complaint arise from his allegedly forced participation in, and subsequent termination from, the Missouri Sexual Offenders Program (MOSOP). In his complaint, plaintiff alleges that he was forced out of protective custody to attend MOSOP, where he was subjected to harassment, sexual assault,

---

[1] The Court found that plaintiff's claims for violation of 42 U.S.C. §§ 1997e(a), 1985(3) and 1981, the ADA, a liberty interest in parole, and state-law product liability were legally frivolous and/or failed to state a claim for relief.

and ridicule, and that Missouri Department of Corrections staff failed to protect him. He further alleges that defendants are attempting to force him to attend MOSOP a second time and that he is experiencing "flashbacks, nightmares, and severe emotional and physical distress due to his past experiences with being assaulted in the program." He complains that, in MOSOP, "defendants force plaintiff's abandonment of any religious belief;" that "[o]ffenders are forbidden access to the courts under penalty of denial of parole;" and that offenders, acting as "quasi-therapists" "commonly practice medicine" and "prescribe and diagnose treatment for other inmates." He claims that he was required to work at MOSOP in excess of a medical work restriction, thereby causing him injury, and that he was denied adequate medical care. He also alleges that other inmate participants in the program exercise considerable authority over treatment decisions, including whether to terminate specific individuals. Plaintiff contends that termination decisions are based on arbitrary and capricious principles and in order to retaliate for engaging in protected activity. Plaintiff further alleges that eligibility for parole is affected by a sex offender's success in the program.

**Discussion**

Plaintiff seeks certification of a class on behalf of all persons required in the past, present or future, to comply with §

589.040, Mo. Rev. Stat.,[2] and/or to attend the Missouri Sex Offender Treatment Program (MOSOP).

Class certification is governed by Rule 23, Fed.R.Civ.P., which allows an individual to sue as a representative party on behalf of a class "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a). In addition to satisfying the four prerequisites of numerosity, commonality, typicality and adequacy of representation, the proposed class must fall into one of the subcategories of Rule 23(b). Plaintiff has the burden of establishing that the requirements of Rule 23 are met. See Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 55 (8th Cir. 1977).

1. **Numerosity**

No exact number of persons is required in a putative class to meet the numerosity requirement. See Paxton v. Union Nat'l Bank, 688 F.2d 552, 559 (8th Cir. 1982). In addition to the size of the proposed class, the Court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the

---

[2]Section 589.040 authorizes the director of the Department of Corrections to create a program for the treatment, education and rehabilitation of imprisoned offenders who are serving sentences for sexual assault offenses.

-3-

practicality of joining all the putative class members.  Id. at 559-60, citing C. Wright & A. Miller, Federal Practice and Procedure § 1762.  Where the putative class representative fails to identify the approximate size of the class, the motion for class certification is properly denied.  Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994); Belles v. Schweiker, 720 F.2d 509, 515 (8th Cir. 1983).  Here, plaintiff makes the conclusory assertion that there are "literally thousands of members over a period of 20 years."  He has not identified the approximate number of MOSOP participants actually subjected to the unconstitutional conduct alleged.  Under such circumstances, the Court finds that plaintiff has failed to "justify his claim of numerousness with any reliable standards or estimates."  Coleman, 40 F.3d at 259.

### 2. **Commonality**

The commonality requirement is met if a common issue pervades all class members' claims.  See Paxton, 688 F.2d at 561.  Commonality does not require that all questions of law and fact raised in litigation be common; there need only be a single issue common to all class members.  Id.

In support of his request for class certification, plaintiff asserts that all potential class members "are subjected to teaching of and punishment of and divulgence of, 'thinking errors' in violation of the First Amendment prohibition against governmental mind control."  Beyond his conclusory assertions, plaintiff has submitted no evidence that all participants in MOSOP believe that the program violates their constitutional rights.  Some

-4-

participants may find the program useful in changing patterns of thought or behavior believed to increase the risk of future offenses. Thus, it may not be in the best interest of all MOSOP participants to challenge the model.

Plaintiff also asserts that all MOSOP participants are denied adequate medical care pursuant to "policy, procedure, practice or program." Courts have certified classes in actions brought by inmates seeking injunctive or declaratory relief based on allegations that they received inadequate medical care pursuant to policies or practices. See, e.g., Hilton v. Wright, 235 F.R.D. 40 (N.D.N.Y. 2006) (certifying class of inmates challenging policy that denied hepatitis treatment to inmates who had not completed substance abuse treatment). In this instance, however, plaintiff generally alleges that defendants are deliberately indifferent to the serious mental and physical health needs of the inmates and refuse to comply with physicians' orders. He further alleges that inmates are endangered by "grossly inadequate staff, facilities, and procedures." These allegations regarding the medical care provided to inmates of MOSOP are too broad to demonstrate a point of commonality.

### 3. **Typicality**

The typicality requirement is generally "satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." Paxton, 688 F.2d at 561-62, quoting C. Wright & A. Miller, Federal Practice and Procedure § 1764. The typicality

-5-

requirement tends to merge with commonality. Id. at 562. The Eighth Circuit has stated that "typicality" requires "a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." Id., quoting Donaldson v. Pillsbury Co., 554 F.2d 825, 830 (8th Cir. 1977). "The burden of showing typicality is not an onerous one. It does, however, require something more than general conclusory allegations that unnamed [plaintiffs] have been [wronged]. Id. Plaintiff has not provided more than general conclusory allegations and cannot establish typicality.

### 4. **Adequacy of Class Representative and Class Counsel**

To satisfy the adequacy of representation requirement, plaintiff must establish that: (1) the class representative's interest is coextensive with and not antagonistic to those of unnamed class members, and (2) the plaintiff's counsel must be fully competent to prosecute the action as a class action. Linquist v. Bowen, 633 F. Supp. 846, 859 (W.D. Mo. 1986). Plaintiff concedes that he cannot satisfy the competent counsel element, because he is unrepresented. See Flymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (non-attorneys proceeding *pro se* cannot adequately represent a class); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to allow incarcerated inmate to represent fellow inmates in class action).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to certify a class is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for production of documents [#96] is **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2007.