```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION

TIMOTHY A. GUERRA,                )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )    No. 4:05-CV-2322 (CEJ)
                                  )
PUBLIC SAFETY CONCEPTS, et al.,   )
                                  )
            Defendants.           )
```

## ORDER

According to the Court record, the complaint in this action, filed on December 5, 2005, has not been served upon defendants Behavioral Health Services, Inc. (BHS), Public Safety Concepts, Inc. (PSC), Barbara Schwartz (PSC principal), Gregory Canfield (PSC principal), Larry Slater (MOSOP treatment team member), Lisa Dulaney (MOSOP treatment team member), Gerald Hoefline (MOSOP treatment team member), C.O. I Gilliam (correctional officer, Farmington Correctional Center (FCC)), Unknown Suire (doctor, Correctional Medical Services (CMS)), and Michael G. Pfeiffer (Chief Executive Officer, CMS).

Plaintiff alleges that defendant PSC is a Massachusetts-based company hired by defendants CMS and BHS to administer sex offender treatment programs to inmates incarcerated by the Missouri Department of Corrections. Defendants Canfield and Schwartz are alleged to be the "authors" of the MOSOP program, while Slater, Dulaney and Hoefline were treatment providers. Summonses to defendants PSC, Canfield, Schwartz, Slater, Dulaney and Hoefline were returned unexecuted, with the notation that PSC is "out of

business" and that the individual defendants could not be located. It appears that the Clerk of Court did not issue summons for defendant BHS.

On March 10, 2006, the Clerk of Court sent a waiver of service letter to counsel for defendant Correctional Medical Services, asking whether service would be waived on behalf of defendants Unknown Suire and Michael G. Pfeiffer. No response has been received with respect to these defendants and no attorney has entered an appearance of their behalf. The Department of Corrections declined to waive service for C.O. I (Gary) Gilliam, stating that there is no employee by that name at Farmington Correctional Center.

On June 12, 2006, plaintiff was ordered to cause service to be effected on the above named defendants not later than July 7, 2006. Plaintiff moves to extend the time for service, and asks the Court to order the served defendants to provide the last known addresses for the unserved defendants. In the alternative, he asks the Court to effect service by publication.

**Discussion**

This *in forma pauperis* action is governed by 28 U.S.C. § 1915, which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The Court concludes that plaintiff's complaint fails to state a claim upon which relief may be granted with respect to several of the

unserved defendants and that no further efforts to effect service are warranted.

A review of the complaint indicates that with respect to defendants Schwartz, Canfield,[1] and Pfeiffer, plaintiff alleges only that, by virtue of their roles as officers of the corporate defendants, they are "final policy makers and enforcers . . . owing plaintiff a duty to protect and treat." Supervisory defendants cannot be held liable under § 1983 for the constitutional violations of others under a *respondeat superior* theory. Ambrose v. Young, --- F.3d ---, 2007 WL 148859 (8th Cir. Jan. 23, 2007). Plaintiff has failed to allege that these defendants had any personal involvement in the asserted violations and thus does not state a claim for relief under § 1983. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001); Ellis v. Norris, 179 F.3d 1078 (8th Cir. 1999); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (§ 1983 plaintiff must allege that defendant was personally involved in or had direct responsibility for incidents that resulted in injury). Plaintiff's complaint similarly fails to allege any personal involvement in the alleged constitutional violations by defendants Larry Slater and Dr. Suire. The Court will not order

---

[1]Defendant Ron Cole, who proceeds *pro se*, has filed an answer and supplemental answer. He asserts that he has actively sought the whereabouts of his former employer, defendant PSC, and its officers Schwartz and Canfield. He states that Schwartz and Canfield assured all licensed personnel that they were covered by PSC's liability insurance. He asserts that he cannot tender a defense because PSC had all records and asks the Court to order PSC to release the name and address of the insurer and the name of PSC's legal counsel. As discussed below, the Court will direct the Clerk of Court to issue a summons to PSC's registered agent.

further attempts to serve these defendants against whom plaintiff has failed to allege any basis for liability.

Plaintiff alleges that defendant Gilliam required him to obtain written permission before going to the library because plaintiff was on full-time medical lay-in. Plaintiff also alleges that defendant Gilliam "buffetted" him about spending too much time in the law library while on medical lay-in. To the extent that plaintiff intends to assert a claim that Gilliam denied him access to legal materials or the courts, the claim fails because he does not allege that he suffered actual injury or prejudice as a result of the denied access. Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006). Further attempts to serve defendant Gilliam are not warranted.

The Court finds that plaintiff's allegations against defendants Dulaney and Hoefline are sufficient to preclude dismissal under § 1915(e)(2). Summonses addressed to these defendants at the address on file for Public Safety Concepts have twice been returned unexecuted. However, the Court will direct that process be issued again. The website of the Corporation Division of the Secretary of the Commonwealth of Massachusetts lists a registered agent for Public Safety Concepts, Inc., and service as to the corportion will be re-attempted. Finally, process will be issued as to defendant Behavioral Health Services, Inc.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue with respect to defendant Behavioral Services, Inc., at 2716 Forum Blvd., Suite 4, Columbia, MO, 65203.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue with respect to defendants Public Safety Concepts, Inc., Lisa Dulaney, and Gerald Hoefline, by service upon the Registered Agent, Stephen Webster, 18 Sudbury Rd., Weston, MA.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time, for order directing defendants to provide addresses *in camera*, or for service by publication [#72] is **denied as moot**.

An order of dismissal as to defendants Schwartz, Canfield, Pfeiffer, Slater, Suire and Gilliam will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2007.