UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. GUERRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05-CV-2322 (CEJ) |
| ) | |
| PUBLIC SAFETY CONCEPTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Norm Stegall for summary judgment, pursuant to Fed.R.Civ.P. 56(b). Plaintiff has not filed a response to the motion and his time for doing so has expired.

At the time this action was filed pursuant to 42 U.S.C. § 1983, plaintiff Timothy Guerra was an inmate in the custody of the Missouri Department of Corrections. In November 2005, plaintiff was incarcerated at the Farmington Correctional Center (FCC). As relevant to the present motion, plaintiff alleges that defendant Norm Stegall, a Correctional Classification Assistant, refused to timely process a check for an appellate filing fee. Plaintiff further alleges that Stegall acted with the intent to retaliate against plaintiff for his litigation activities.[1] Defendant moves for summary judgment, arguing that the uncontroverted evidence establishes that plaintiff's request for a check was denied because it did not comply with written DOC policies.

---

[1] The Court previously dismissed plaintiff's claim that Stegall interfered with his access to the courts because plaintiff did not allege that Stegall's actions prevented him from timely filing his appeal.

I.  **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II. Factual Background

As noted above, plaintiff has not filed a response in opposition to defendant Stegall's motion for summary judgment. Defendant's presentation of material facts is thus uncontroverted.

Plaintiff alleges in his complaint that, "on or about" November 4, 2005, he submitted a "green check" to defendant Stegall for processing. A green check is a request by an inmate for the issuance of a check from the inmate's institutional bank account. Plaintiff alleges that he informed defendant Stegall that he needed the funds in order to pay a filing fee to the Eighth Circuit Court of Appeals and that the deadline was imminent. He alleges that defendant twice rejected his green check "for justifications lacking any legitimate penological concern." [Doc. #3, ¶ 295.1].

The Department of Corrections procedures governing inmate funds provides: "Outgoing checks from offenders for more than $100 should be accompanied by an explicit explanation to their caseworker or unit manager for approval." In addition, "[a]ll requests for $200 or more must have superintendent/designee approval." See MDOC Department Manual, Policy D3-5.1 Institutional Offender Accounts, *eff*. June 21, 2005. [Doc. 151-4].

Defendant Stegall states in an affidavit that plaintiff's green check requested an amount in excess of two hundred dollars. According to Stegall, plaintiff's original submission did not include an explanation as required. Plaintiff testified at deposition that when defendant Stegall informed him that he required permission, he wrote a letter of explanation to the

superintendent. Both parties agree that plaintiff subsequently resubmitted his green check accompanied by the letter of explanation. According to defendant, he forwarded the green check and letter to his own supervisor, who returned them as "insufficient." According to plaintiff, when defendant Stegall returned the check the second time, he told plaintiff, "I don't give a good god damned if you ever write that fucking check and you can sit up there in that fucking cell and rot for all I care." Defendant denies making this statement.

**III. Discussion**

Prison officials may not retaliate against an inmate for filing legal actions in the exercise of his constitutional right of access to the courts. Goff v. Burton, 7 F.3d 734, 736 (8th Cir. 1993). A prison official's action violates § 1983 when performed in retaliation for "the exercise of a constitutionally protected right . . . even if the act, when taken for a different reason, would have been proper." Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (citations omitted). In order to succeed on his claim, plaintiff must show that, but for his constitutionally-protected conduct, defendant Stegall would not have retaliated against him. See Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999) (retaliatory transfer).

The Court need not address the question of Stegall's motivation, because plaintiff cannot establish that this defendant engaged in any retaliatory conduct. The uncontested evidence establishes that plaintiff's first green check did not comply with

-4-

DOC policy. The uncontested evidence further establishes that it was Stegall's supervisor who rejected plaintiff's second submission. Thus, any claim against Stegall arising from the denial of the green checks fails. The parties dispute whether Stegall made the statement appearing in the complaint. The dispute is irrelevant, however, as the statement cannot form the basis for a claim under § 1983. See McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (claim that prison staff verbally harassed plaintiff to dissuade him from filing a grievance does not allege a violation of constitutional rights).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Norm Stegall for summary judgment [Doc. #150] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered at the conclusion of all proceedings in this matter.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of January, 2009.