UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY A. GUERRA,            )
                             )
          Plaintiff,         )
                             )
     vs.                     )        No. 4:05-CV-2322 (CEJ)
                             )
PUBLIC SAFETY CONCEPTS, et al., )
                             )
          Defendants.        )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Correctional Medical Services, Inc., Gerald Hoefline, Ronald Cole, and Aida Rodriguez for summary judgment. Plaintiff has not filed a response to the motion and the time allowed for doing so has expired.

Plaintiff Timothy Guerra, while in the custody of the Missouri Department of Corrections (DOC),[1] filed this action pursuant to 42 U.S.C. § 1981, § 1983, § 1985(3), and § 1997, as well as Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 *et seq*. The claims in plaintiff's 190-page *pro se* complaint arise from his allegedly forced participation in, and subsequent termination from, the Missouri Sexual Offenders Program (MOSOP). In his complaint, plaintiff alleges that he was forced out of protective custody to attend MOSOP, where he was subjected to harassment, sexual assault, and ridicule, and that staff failed to protect him. He complains that, in MOSOP, "defendants force

_____

[1]Plaintiff was placed on conditional release on March 17, 2008. Plaintiff's claims for injunctive relief are therefore moot.

plaintiff's abandonment of any religious belief;" that "[o]ffenders are forbidden access to the courts under penalty of denial of parole;" and that offenders, acting as "quasi-therapists" "commonly practice medicine" and "prescribe and diagnose treatment for other inmates." He claims that he was required to work at MOSOP in excess of a medical work restriction, thereby causing him injury, and that he was denied adequate medical care. He also alleges that other inmate participants in the program exercised considerable authority over treatment decisions, including whether to terminate specific individuals. Plaintiff contends that termination decisions were based on arbitrary and capricious principles and in order to retaliate for engaging in protected activity. Plaintiff further alleges that parole eligibility was affected by success in the program. He alleges violations of his rights under the First, Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendments arising from these conditions.

On initial review, the Court found that plaintiff's claims for violation of 42 U.S.C. § 1997e(a), § 1985(3), and § 1981, the ADA, and state-law product liability were legally frivolous and/or failed to state a claim for relief. The Court subsequently granted motions to dismiss for failure to state a claim for relief filed by defendants Nixon, Crawford, Frazier, Huber, Kreitler, Luebbers, Sampson, Smith, Thompson, LaBundy, and Holcomb. The motion filed by Stegall was granted in part, leaving only a retaliation claim. The Court subsequently granted summary judgment to Stegall on the retaliation claim. Claims against defendants Canfield, Schwartz,

Pfeiffer, Slater, Gilliam, and Suire were dismissed pursuant to 28
U.S.C. § 1915(e)(2)(B).  Defendants CMS, Inc., Cole, Hoefline, and
Rodriguez move for summary judgment.

I.   **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides
that summary judgment shall be entered "if the pleadings, deposi-
tions, answers to interrogatories, and admissions on file, together
with the affidavits, if any, show that there is no genuine issue as
to any material fact and that the moving party is entitled to a
judgment as a matter of law."  In ruling on a motion for summary
judgment the court is required to view the facts in the light most
favorable to the non-moving party and must give that party the
benefit of all reasonable inferences to be drawn from the underly-
ing facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.
1987).  The moving party bears the burden of showing both the
absence of a genuine issue of material fact and its entitlement to
judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477
U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio
Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).  Once
the moving party has met its burden, the non-moving party may not
rest on the allegations of his pleadings but must set forth
specific facts, by affidavit or other evidence, showing that a
genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).
Rule 56(c) "mandates the entry of summary judgment, after adequate
time for discovery and upon motion, against a party who fails to
make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II. **Background**

On November 6, 1996, plaintiff pleaded guilty to two counts of promoting child pornography in the first degree, and was sentenced to concurrent terms of fifteen years' imprisonment.  On August 2, 2004, plaintiff entered MOSOP at the Farmington Correctional Center.

Defendant CMS is responsible for inmates' medical care.  The three individual defendants – Aida Rodriguez, Ronald Cole, and Gerald Hoefline – were social workers in MOSOP at the time of plaintiff's participation.  Rodriguez was plaintiff's individual therapist from December 7, 2004 through December 22, 2004.  Cole was plaintiff's therapist from January 17, 2005 through March 15, 2005.  Hoefline was never plaintiff's individual therapist, but had contact with him in group sessions.

MOSOP is a two-phase program that generally takes one year to complete.  Plaintiff described Phase I as consisting of tests, questionnaires, and meetings.  He recalled that the first phase lasted between three and six weeks and that he completed it while being housed in general population.  He moved into the MOSOP housing unit when he entered Phase II on December 1, 2004.  He was terminated from MOSOP on March 15, 2005 after expressing a desire to assault another participant.  He re-entered the program on

-4-

January 26, 2006, but was again terminated before completion on March 1, 2006, as a consequence for disciplinary infractions.

Inmates who are successful in the program may be eligible for early release. Plaintiff testified in his deposition that he was not released on his "presumptive" parole date, although he did not specify that date. DOC records indicate that plaintiff was released on his conditional release date, March 17, 2008; his maximum release date was March 17, 2011.

Additional facts will be set forth as necessary.

**III. Discussion**

Retained counsel entered an appearance on behalf of plaintiff on September 6, 2007. The instant motion for summary judgment was filed on November 3, 2008. Despite having counsel, plaintiff has failed to file a response to defendants' motion for summary judgment. As a consequence, plaintiff has admitted all facts set forth in the defendants' statement of material facts. E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.")

In his complaint, plaintiff asserted that numerous aspects of the MOSOP treatment model violated his constitutional rights. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Ballard v. Heineman, 548 F.3d 1132, 1135 (8th Cir. 2008) (quoting Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2008)). In order to obtain relief, plaintiff

must demonstrate that the defendants had personal involvement in the alleged constitutional violation. <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001); <u>Ellis v. Norris</u>, 179 F.3d 1078 (8th Cir. 1999); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (§ 1983 plaintiff must allege that defendant was personally involved in or had direct responsibility for incidents that resulted in injury). The Court has considered only allegations of specific unconstitutional conduct by the movants in determining whether summary judgment is appropriate.

### A. <u>Correctional Medical Services</u>

A corporation acting under color of state law will be held liable under § 1983 only for its own unconstitutional policies or customs. <u>Sanders v. Sears, Roebuck & Co.</u>, 984 F.2d 972, 975-76 (8th Cir. 1993). A "policy" is "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." <u>Mettler v. Whitledge</u>, 165 F.3d 1197, 1204 (8th Cir. 1999). To establish a cause of action based upon a custom, a plaintiff must show (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by employees; (2) deliberate indifference to or tacit authorization of such conduct by policymaking officials after notice of that misconduct; and (3) injury by acts pursuant to the custom, *i.e.*, proof that the custom was the moving force. <u>Ware v. Jackson</u>, 150 F.3d 873, 880 (8th Cir. 1998).

Plaintiff attempts to hold CMS liable for all the shortcomings of MOSOP. In support, he claims that defendant CMS is a "final policy maker and enforcer . . . contracted to provided medical and mental health services to Missouri Department of Corrections and to provide sex offender treatment to Missouri sex offenders." Defendants submit the affidavit of Ralf Salke, vice president of operations for CMS. Mr. Salke states that CMS "did not and does not have final policy-making authority or enforcement authority" over the administration of MOSOP; CMS likewise has no policy-making authority over the policies and procedures of the DOC. Salke's uncontroverted statements are deemed admitted; plaintiff has failed to establish that defendant CMS is responsible for an unconstitutional policy or custom and, thus, summary judgment will be granted to defendant CMS.

## B. **Defendants Cole, Hoefline, and Rodriguez**

In his complaint, plaintiff alleges that individual defendants Cole, Hoefline, and Rodriguez failed to protect him from sexual assault by fellow MOSOP participants Morgan and King. At deposition, plaintiff recharacterized his encounter with Morgan as an "attempted" assault. With respect to his interactions with King, plaintiff stated only that he was assaulted many times. He did not otherwise offer any details regarding the encounters.

"'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" Lenz v. Wade, 490 F.3d 991, 995 (8th Cir. 2007), (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)).

Prison officials must provide humane conditions of confinement, including protecting inmates from violence. Id. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) (citing Carey v. Piphus, 435 U.S. 247, 253-55 (1978)). Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*. Cummings v. Malone, 995 F.2d 817, 822-23 (8th Cir. 1993). Plaintiff has failed to put forward evidence of any injury. He did not testify at deposition that he was injured. Furthermore, examination of plaintiff's medical records indicates that he never requested treatment for a condition consistent with an assault. Defendants will be granted summary judgment with respect to plaintiff's failure-to-protect claim. In related allegations, plaintiff contends that defendants violated a duty imposed by state statute to report abuse of offenders. See § 217.410, Mo.Rev.Stat. (DOC employees have duty to report abuse of offenders). No further discussion of this claim is warranted in the absence of any evidence of abuse to report.

Plaintiff alleges in his complaint that defendant Rodriguez attempted to interfere with his access to the courts. At deposition, he testified that Rodriguez told him that his participation in MOSOP would not leave him enough time to pursue his pending litigation. Plaintiff does not present any evidence that he suffered actual injury or prejudice as a result of Rodriguez's actions. Johnson v. Hamilton, 452 F.3d 967, 973 (8th

Cir. 2006); <u>Berdella v. Delo</u>, 972 F.2d 204, 209-10 (8th Cir. 1992).
Rodriguez is entitled to summary judgment on this claim.

Plaintiff alleges that defendant Hoefline belittled him in group settings. To the extent that plaintiff contends that he was injured by Hoefline's conduct, this is a *de minimis* injury that cannot support a § 1983 claim. Plaintiff testified at deposition that Hoefline had him removed from the program on a pretext, thereby making plaintiff ineligible for early release. There is no evidence that Hoefline played any role in plaintiff's termination: the record indicates that defendant Cole requested a treatment team evaluation of plaintiff after he acknowledged making threatening statements.[2] DOC employee Carlos Sampson conducted the hearing that led to plaintiff's termination from MOSOP. Furthermore, plaintiff was subsequently permitted to re-enter the program and was again terminated before completion. Plaintiff testified at deposition that he was terminated the second time because he told defendant Rodriguez he did not want to participate in the program as it was presently constituted. Thus, plaintiff's claim that Hoefline negatively affected his parole eligibility is unsupported by the factual record. Furthermore, inmates do not have a liberty interest in early release through participation in MOSOP. <u>State ex rel. Nixon v. Pennoyer</u>, 39 S.W.3d 521, 523 (Mo. Ct. App. 2001).

---

[2]Plaintiff and King shared a "cubicle." King submitted a complaint that plaintiff fouled the shared space. The following day, King and another inmate reported that plaintiff stated he wanted to stab King with a handful of pencils and hit him with a combination sock in a lock. Plaintiff acknowledged making the statements.

In summary, defendants have established that there are no genuine disputes of material fact and that they are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Correctional Medical Services, Inc., Gerald Hoefline, Ronald Cole, and Aida Rodriguez for summary judgment [Doc. #152] is **granted**.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2009.